UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLAKE LAWRENCE ANDERSON,<br><br>    Petitioner,<br><br>v.<br><br>NATHANAH BREITENBACH, *et al*.<br><br>    Respondents. | Case No. 2:25-cv-01014-APG-BNW<br><br>**Dismissal Order**<br><br>[ECF No. 1, 1-2, 4, 5, 5-1] |

*Pro se* Petitioner Blake Lawrence Anderson commenced this action by filing a habeas petition under 28 U.S.C. § 2241 and moving for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1-1, 1-2. On June 15, 2025, I ordered Anderson to (1) either pay the $5 filing fee or submit his missing IFP documents *and* (2) file an amended petition on the Court's approved form. ECF No. 3. The Clerk of the Court sent Anderson a blank copy of the IFP application form for inmates along with instructions and—because it was unclear whether Anderson was seeking habeas relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254—a blank copy of the form petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 *and* 28 U.S.C. § 2241 along with instructions. *Id*. Anderson was warned that "failure to timely comply with this Order will result in the dismissal of this action without prejudice and without further advance notice." *Id*.

On June 18, 2025, Anderson filed an emergency motion for expedited discovery and subpoena authority. ECF No. 4. And on July 16, 2025, Anderson filed a non-inmate IFP application and an "Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) With Claims of Kidnapping for Ransom (18 U.S.C. § 1201) & Fraudulent Inducement," seeking "immediate release and a federal investigation into Nevada's profit-driven detention system." ECF Nos. 5, 5-1. Anderson has failed to comply with my June 15, 2025, Order. Instead of filing

an inmate IFP application with supporting documents, he filed a non-inmate IFP application and no supporting documents. And instead of filing a 28 U.S.C. § 2241 petition on this Court's form, he filed a type-written document, which fails to provide necessary information. Accordingly, I dismiss Anderson's petition without prejudice. If Anderson wishes to pursue relief in this Court, he must file a new petition in a new case.

I THEREFORE ORDER that Anderson's habeas petitions [ECF No. 1-2, 5-1] are dismissed without prejudice based upon his failure to comply with my Order [ECF No. 3].

I FURTHER ORDER that the motions to proceed IFP [ECF Nos. 1, 5] are denied.

I FURTHER ORDER that the emergency motion for expedited discovery [ECF No. 4] is denied.

I FURTHER ORDER that a Certificate of Appealability is denied, as jurists of reason would not find dismissal of this action for the reasons stated herein to be debatable or wrong.

I FURTHER KINDLY ORDER that that the Clerk of Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[1] (2) send the Nevada Attorney General a copy this Order and all other filings in this matter by regenerating the notices of electronic filing, (3) enter final judgment, and (4) close this case.

DATED: July 18, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] No response is required from Respondents other than to respond to any orders of a reviewing court.